JAMES B. CROSSEN, APPELLANT, *v.* WASCO COUNTY, RESPONDENT.

JAILOR, COMPENSATION OF.—A sheriff may appoint a jailor for whose acts he shall be responsible, but there is no law requiring the county to pay for the services of such jailor.

APPEAL from Wasco County.

The facts are stated in the opinion of the court.

*B. Witten and N. H. Gates,* for appellant.

*L. B. Ison, Prosecuting Attorney,* for respondent.

By the Court, PRIM, C. J.:

This was an action brought by appellant as the sheriff of Wasco county, to recover compensation for the services of his jailor. It is alleged in the complaint that subsequent to the election of plaintiff to the office of sheriff of said county, and prior to the commencement of this action, there were confined in the county jail of said county from one to three prisoners; and in order to guard them properly, he had to appoint and keep a jailor for a period of four months. That the services of said jailor were reasonably worth seventy-five dollars per month, amounting in the aggregate to three hundred dollars. That said amount is legally chargeable to and due from defendant. The plaintiff had presented said claim to the county commissioners of said county for allowance, and that the same has been disallowed and rejected by them. To this complaint the respondent demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and rendered judgment against plaintiff for costs and disbursements, from which judgment he has appealed.

The question presented on this appeal is whether the sheriff of Wasco county is entitled under the laws of the state to recover a reasonable compensation from the county for the services of the person appointed by him to be keeper of the county jail. We think not. Section 995 of the Civil

Code provides that the sheriff may appoint a keeper of the county jail, to be denominated the jailor, for whose acts as such he is responsible. The authority to appoint given by this section is relied upon by appellant as implied authority to receive compensation for services performed under the appointment. But it will be seen that section 962 also provides that a sheriff may appoint a deputy, for whose acts he shall in a like manner be responsible. Now, if he is entitled to compensation for the services of his jailor by virtue of his authority over him, why may he not by the same reasoning claim compensation for the services of his deputy? No provision of statute has been pointed out, and we apprehend none can be, requiring the counties to pay for such services.

The judgment of the court below is affirmed.